UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07177-CAS-KLS | Date | October 26, 2015 |
|---|---|---|---|
| Title | NANCY REYES V. HEALTHCARE SERVICES GROUPS, INC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jay Rothman | Aaron Colby |
| | Matthew Peterson |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS (Dkt. 11, filed September 18, 2015)

## I. INTRODUCTION

On August 13, 2015, plaintiff Nancy Reyes ("Reyes") filed this action in Los Angeles County Superior Court against defendants Healthcare Services Group, Inc. ("HCSG"), and Does 1 through 50 (collectively, "defendants"). Dkt. 1-1. Defendants removed this action to this Court on September 11, 2015. Dkt. 1. The complaint asserts claims for: (1) quid pro quo sexual harassment, in violation the Fair Employment and Housing Act ("FEHA"), California Government Code § 12940, et seq; (2) hostile work environment in violation of FEHA; (3) discrimination on the basis of sex in violation of FEHA; (4) retaliation in violation of FEHA; (5) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; and (6) intentional infliction of emotional distress. Id. In brief, the complaint alleges that one of defendants' employees sexually harassed plaintiff by offering her employment in exchange for sexual intercourse.

On September 18, 2015, defendants filed a motion to dismiss the complaint. Dkt. 11. On October 5, 2015, plaintiff filed an opposition, Dkt. 13, and on October 9, 2015, defendants filed a reply, Dkt. 14. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07177-CAS-KLS | Date | October 26, 2015 |
|---|---|---|---|
| Title | NANCY REYES V. HEALTHCARE SERVICES GROUPS, INC, ET AL. | | |

## II. BACKGROUND

The complaint alleges the following facts: HCSG is a Pennsylvania corporation that provides housekeeping and laundry services to senior living centers and nursing homes throughout the country. Compl. ¶ 2. HCSG contracts with Country Villa Sheraton and Nursing Rehab Center ("Country Villa") to perform janitorial work at Country Villa facilities. Id. ¶ 9. Plaintiff contends that Brian Dehart ("Dehart") is employed by HCSG as its hiring manager and that in this position he is responsible for hiring various employees for HCSG, including for janitorial positions at Country Villa facilities. See Id. ¶¶ 6, 10.

On or about August 29, 2013, plaintiff contacted Dehart on Facebook regarding a janitorial position at a Country Villa facility he had posted on Facebook. Id. ¶¶ 9, 10. Plaintiff was in desperate need of employment and asked Dehart, via Facebook, whether she could apply for the position. Id. ¶ 11. She informed Dehart that she was not born in the United States and had recently applied for a visa and work permit, but that she would not receive these documents for several months. Id. Dehart responded to plaintiff that he was in charge of the hiring for the position and that if she wanted the job she would need to do "whatever he wants." Id. ¶¶ 11-12. Specifically, he told her that if she had sexual intercourse with him she would be hired for the position. Id. ¶ 12. He also told her to "wear something sexy" and to come to one of the Country Villa facilities the following morning. Id. Following their Facebook conversation, Dehart sent plaintiff text messages promising to hire her in return for sexual intercourse. Id. ¶ 13.

On or about August 30, 2013, plaintiff went to a Country Villa facility in North Hills, California and met with Dehart. Id. ¶ 14. Plaintiff filled out a job application, with Dehart's assistance, and then had sexual intercourse with him. Id. Notwithstanding Dehart's promise, approximately two to three weeks later, plaintiff had heard nothing from either Dehart or HCSG regarding the position at the Country Villa facility. Id. ¶ 16. Accordingly, plaintiff once again reached out to Dehart. Id. Dehart informed plaintiff that he had been moved to another Country Villa facility in Sylmar, California. Id. Dehart told plaintiff to come to the Sylmar facility to complete a new job application and again told her that if she had sex with him she would be hired. Id. ¶ 17.

Sometime in November 2013, plaintiff went to the Country Villa facility in Sylmar, California. Id. ¶ 18. Plaintiff filled out another job application and then had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07177-CAS-KLS | Date | October 26, 2015 |
|---|---|---|---|
| Title | NANCY REYES V. HEALTHCARE SERVICES GROUPS, INC, ET AL. | | |

sexual intercourse with Dehart.  Id.  This was plaintiff's "last encounter" with Dehart.  Id. ¶ 19.  Since then plaintiff has not received any response, nor has she been offered employment, from either Dehart or HCSG.  Id.  Plaintiff asserts that she would not have had sexual intercourse with Dehart in either August or November of 2013 but for his representation that he would hire her.  Id. ¶¶ 15, 18.

On March 3, 2014, plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") regarding these events.  Compl. Ex. A.  Plaintiff requested an immediate right to sue from DFEH and received one on the same day she filed her complaint.  Id.  On October 28, 2014, plaintiff filed a lawsuit in Los Angeles County Superior Court against Dehart and Country Villa asserting claims for violation of FEHA and intentional infliction of emotional distress.  See Compl. ¶ 5,6; Request For Judicial Notice ("RJN") Ex. 1.[1]  That action is still pending.  Compl. ¶ 5,6.

On August 7, 2015, plaintiff ammended her DFEH complaint to add HCSG as a respondent.  Compl. Ex. A.  In her amendment, plaintiff stated: "It has been discovered that Mr. Dehart was an employee of [HCSG] at the time he harassed me and that [Country Villa] contracted with [HCSG] to do its housekeeping and janitorial services.  As such, [HCSG] is also responsible for the conduct of Dehart."  Compl. Ex. A.  On August 13, 2015, plaintiff filed this action naming HCSG as a defendant.  See generally Compl.

### III.   LEGAL STANDARD

---

[1] Defendants request that the Court take judicial notice of the complaint in Reyes v. Country Villa Sheraton Nursing and Rehab Center, Los Angeles Superior Court Case Number BC562102, plaintiff's state court action against Dehart and Country Villa.  Dkt. 12, RJN.  "[U]nder Federal Rule of Evidence 201, a court may take judicial notice of matters of public record."  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  Court's regularly take judicial notice of documents filed in Court proceedings.  See, e.g. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted).  Accordingly, the Court grants defendants request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07177-CAS-KLS | Date | October 26, 2015 |
|---|---|---|---|
| Title | NANCY REYES V. HEALTHCARE SERVICES GROUPS, INC, ET AL. | | |

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a  cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                               'O'

| Case No. | 2:15-cv-07177-CAS-KLS | Date | October 26, 2015 |
|---|---|---|---|
| Title | NANCY REYES V. HEALTHCARE SERVICES GROUPS, INC, ET AL. | | |

Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

IV.     ANALYSIS

    A.     **Plaintiff's Claims under FEHA**

Plaintiff's first five claims are based on alleged violations of FEHA.  Defendants contend that all of plaintiff's claims brought under FEHA must be dismissed because plaintiff failed to timely exhaust her administrative remedies.  Mot., at 3.  Before a plaintiff can file a civil action based on violations of FEHA she must exhaust her administrative remedies "by filing a complaint with the Department of Fair Employment and Housing," and obtaining from DFEH "a notice of right to sue."  Morgan v. Regents of the Univ. of California, 88 Cal. App. 4th 52, 63 (2000) (citing Cal. Gov. Code § 12960).  The FEHA provides that "[n]o complaint may be filed [with DFEH] after the expiration of one year from the date upon which the alleged unlawful practice . . . occurred."  Cal. Gov. Code § 12960(d).

Here, plaintiff alleges that her "last encounter" with Dehart occurred in November of 2013.  Compl. ¶ 19.  However, she did not file her amended complaint with DFEH naming HCSG as a defendant until August 7, 2015, more than one year after defendants' alleged violations of FEHA.  Compl. Ex. A.  Accordingly, absent an exception or a valid grounds for tolling the one-year limitations period, plaintiff did not timely exhaust her administrative remedies and her FEHA claims must be dismissed.

Section 12960 contains four statutory exceptions to the one year limitations period.  See Cal. Gov. Code §§ 12960(d)(1)-(4).  However, in her opposition, plaintiff only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-07177-CAS-KLS | Date | October 26, 2015 |
| Title | NANCY REYES V. HEALTHCARE SERVICES GROUPS, INC, ET AL. | | |

argues that the limitations period should be extended pursuant to section 12960(d)(2).[2] Section 12960(d)(2) provides for an extension of up to one year, "following a rebutted presumption of the identity of the person's employer under [California Government Code] section 12928, in order to allow a person allegedly aggrieved by an unlawful practice to make a substitute identification of the actual employer." Pursuant to section 12928, "there is a rebuttable presumption that "employer," . . . includes any person or entity identified as the employer on the employee's Federal Form W-2 (Wage and Tax Statement)."

Plaintiff appears to argues that the section 12960(d)(2) extension should apply broadly to cases where a plaintiff misidentifies an employer. Opp'n., at 3. Here, plaintiff

---

[2] The other three exceptions included in California Government Code § 12960 do not appear to apply in this case:

Pursuant to section (d)(1), "if a person allegedly aggrieved by an unlawful practice first obtained knowledge of the facts of the alleged unlawful practice after the expiration of one year from the date of their occurrence," a plaintiff may obtain an extension of the limitations period "not to exceed 90 days following the expiration of that year. Here, plaintiff acknowledges that she was aware of the underlying "unlawful practice" — Dehart's acts of sexual harassment. See generally Compl. However, even if the exception did apply, plaintiff filed her amended complaint with DFEH more than 90 days after the expiration of the one year limitations period. See Compl. Ex. A.

Pursuant to section (d)(3), a plaintiff may obtain an extension of up to three years in the event of a violation of California Civil Code § 51.7, which addresses violence, or intimidation by threat of violence. Here, the complaint contains no allegations regarding a potential violation of California Civil Code § 51.7.

Pursuant to section (d)(4), a plaintiff who was below the age of majority at the time of the allegedly unlawful practice may obtain an extension "not to exceed one year from the date that . . . [she] attains the age of majority." Here, there are no allegations in the complaint that plaintiff was below the age of majority at the time defendants allegedly violated FEHA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07177-CAS-KLS | Date | October 26, 2015 |
|---|---|---|---|
| Title | NANCY REYES V. HEALTHCARE SERVICES GROUPS, INC, ET AL. | | |

contends that she misidentified Dehart's employer as Country Villa as opposed to HCSG. Id. The California Supreme Court has explained the section 12960(d)(2) extension as "a one-year extension *in certain instances* of delayed discovery of the identity of the actual employer." McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 106 (2008) (emphasis added). Accordingly, "[s]ection 12960(d)(2) does not toll the § 12960(d) one year limitations period in all circumstances, but does so once the presumption of Government Code § 12928 is rebutted." Rascon v. Diversified Maint. Sys., 2014 WL 1572554, at *7 (E.D. Cal. Apr. 17, 2014). Here, plaintiff does not allege that she was ever hired by HCSG or Country Villa, let alone that she receeived a W-2 from either of these companies. Nor does she allege that she mistakenly sued Country Villa because they were misidentified as the employer on Dehart or any other person's W-2. Accordingly, the Court finds that the section 12960(d)(2) exception is inapplicable in this case. See also Richards v. CH2M Hill, Inc., 94 Cal. Rptr. 2d 228, 237, n.9 (2000) (finding applicability of section 12960(d)(2) exception irrelevant "[s]ince this appeal does not involve the misidentification of an employer based on a misidentification of the employer on the employee's W–2 form").[3]

Plaintiff also argues that the doctrine of "equitable tolling" should apply in this case. Opp'n., at 3. Broadly speaking, the doctrine of equitable tolling applies under California law " '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.' " Elkins v. Derby, 12 Cal. 3d 410, 414 (1974) (quoting Myers v. Cnty. of Orange, 6 Cal. App. 3d 626, 634 (1970)). By "alleviating the fear of claim forfeiture, [equitable tolling] affords grievants the opportunity to pursue informal

---

[3] California law also recognizes that a complaint for violation of FEHA filed more than one year after the alleged unlawful activity may not be untimely if the "continuing violation doctrine" applies. Under the continuing violation doctrine, "an employer is liable for actions that take place outside the limitations period if these actions are sufficiently linked to unlawful conduct that occurred within the limitations period." Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1056 (2005). However, here, even assuming HCSG's conduct constituted a "continuing violation," plaintiff alleges that her "last encounter" with Dehart occurred in November 2013. Compl. ¶ 19. Accordingly, to the extent plaintiff was subjected to a continuing violation of FEHA, that violation concluded in November 2013, more than one year before she filed her amended complaint against HCSG.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:15-cv-07177-CAS-KLS | Date | October 26, 2015 |
|---|---|---|---|
| Title | NANCY REYES V. HEALTHCARE SERVICES GROUPS, INC, ET AL. | | |

remedies . . . without compromising defendants' significant 'interest in being promptly apprised of claims against them in order that they may gather and preserve evidence' because that notice interest is satisfied by the filing of the first proceeding that gives rise to tolling." McDonald, 45 Cal. 4th at 100 (quoting Elkins, 12 Cal. 3d at 417-18) (citations omitted).

In McDonald v. Antelope Valley Community College District, the California Supreme Court addressed the applicability of equitable tolling to claims brought under FEHA. 45 Cal. 4th at 111. In McDonald, the plaintiff, who worked for a community college, was advised by her employer to pursue an internal grievance proceeding with the community college chancellor's office after she was not hired for a position, purportedly on the basis of her race. Id. at 97-98. While her internal proceeding was ongoing, the plaintiff filed a complaint with DFEH, alleging violations of FEHA. Id. at 98. The California Supreme Court held that the statute of limitations on her FEHA claims could be equitably tolled while her internal grievance proceeding was ongoing. Id. at 114-15. After engaging in a lengthy discussion of general equitable tolling principles, the court held that "FEHA does not preclude equitable tolling *during the voluntary pursuit of internal administrative remedies*." Id. at 111. (emphasis added).

In Acuna v. San Diego Gas & Electric Company, the California Court of Appeals applied the holding of Mcdonald. 217 Cal. App. 4th 1402, 1416-17 (2013). The Court noted that "equitable tolling generally requires a showing that the plaintiff is seeking an alternate remedy in an established procedural context." Id. at 1416. However, because the plaintiff did "not allege any facts showing she was pursuing an alternate remedy that excused her from timely filing her administrative claim and/or from filing her lawsuit," the court held that her FEHA claims were time-barred. Id. Moreover, the court stated that "the equitable tolling doctrine is inapplicable once the employee is on notice that his or her rights had been violated and that her alternate remedies will be unsuccessful." Id.

Similarly, here plaintiff has alleged no facts indicating that she was pursuing "internal administrative remedies" or any other alternate remedy based on defendants alleged violation of FEHA.[4] The party seeking to invoke equitable tolling to avoid a

---

[4] Plaintiff does not assert that her pending state court action against Dehart and Country Villa constitutes an alternate remedy which would justify equitable tolling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07177-CAS-KLS | Date | October 26, 2015 |
|---|---|---|---|
| Title | NANCY REYES V. HEALTHCARE SERVICES GROUPS, INC, ET AL. | | |

limitations bar bears the burden of proving the applicability of the doctrine. See In re Marriage of Zimmerman, 183 Cal. App. 4th 900, 912 (2010). Therefore, where, as here, "the action appears barred by the statute of limitations" on the face of the complaint, "plaintiff has an obligation to anticipate the defense and plead facts to negative the bar." Aubry v. Goldhor, 201 Cal. App. 3d 399, 407 (1988) (citations omitted). Moreover, even assuming that plaintiff was pursuing an alternative remedy, it would seem that at a minimum when plaintiff filed her original DFEH complaint she was "on notice that . . . her alternate remedies [would] be unsuccessful." See Acuna, 217 Cal. App. 4th, at 1414-15 ("By retaining counsel and filing a DFEH complaint, [plaintiff] manifested an understanding that further attempts at informal, rather than formal, resolution . . . would not be successful and were futile."). Accordingly, the Court finds that the doctrine of equitable tolling is inapplicable in plaintiff's case.

Finally, defendants argue that the untimely amendment of plaintiff's DFEH complaint should not "relate back" to the filing of her original complaint on March 3, 2014. Mot., at 6. Plaintiff does not contend, in either her complaint or her opposition, that her amended complaint should relate back to the filing of her original complaint. "[T]he relation-back doctrine is available in appropriate circumstances to render timely an otherwise untimely amendment to a charge under FEHA." Rodriguez v. Airborne Express, 265 F.3d 890, 898 (9th Cir. 2001). However, "in the FEHA context, [courts] apply 'the familiar rule' that a complaint may not be amended to add a previously unnamed defendant after the statute of limitations has run." Ortiz v. Sodexho, Inc., 2011 WL 3204842, at * 5 (S.D. Cal. July 26, 2011) (citing McGhee Street Prods. v. WCAB, 108 Cal.App. 4th 717, 722 (2003)); Williams, 2014 WL 4771667, at *3.

Here, plaintiff did not name HCSG in her original complaint; rather, she named

---

However, in any event, as explained by the California Supreme Court, in the FEHA context equitable tolling appears to apply solely to non-judicial remedies. See also Williams v. Gyrus ACMI, LP, 2014 WL 4771667, at *5 (N.D. Cal. Sep. 24, 2014) ("This rule, however, does not extend so far as to toll the statute of limitations during the pendency of a different lawsuit, brought on Plaintiff's behalf as the real party in interest, against a completely different party. Equitable tolling exists to permit a plaintiff to pursue non-judicial remedies when such remedies are available, while not prejudicing said plaintiff from seeking judicial recourse if those remedies prove inadequate.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:15-cv-07177-CAS-KLS | Date | October 26, 2015 |
|---|---|---|---|
| Title | NANCY REYES V. HEALTHCARE SERVICES GROUPS, INC, ET AL. | | |

Dehart and Country Villa. See Compl. Ex. A. Then in August 2015, 21 months after plaintiff's FEHA claims accrued, she amended her complaint naming HCSG as an additional defendant. See id. Accordingly, because plaintiff amended her complaint "to add a previously unnamed defendant after the statute of limitations ha[d] run," the relation-back doctrine does not apply.

Furthermore, even if plaintiff's amended complaint did relate back, her FEHA claims would still be time-barred. A plaintiff must commence a civil action under FEHA "within one year from the date of [DFEH's right to sue] notice." Cal. Gov't Code § 12965(b). Failure to file suit within the requisite time gives rise to a statute of limitations defense. Downs v. Dep't of Water & Power of Los Angeles, 58 Cal. App. 4th 1093, 1102 (1997). Plaintiff filed her original complaint with DFEH and received her right to sue notice on March 3, 2014, but she did not initiate this action until August 13, 2015. See Compl. Ex. A. Accordingly, even assuming plaintiff's amended complaint did relate back to the filing of her original complaint, her FEHA claims would still be untimely because she did not initiate this action within one year of receiving her right to sue notice.

Accordingly, because plaintiff did not timely exhaust her administrative remedies the Court GRANTS defendants motion to dismiss as to plaintiff's FEHA-based claims.

### B. Plaintiff's Claim for Intentional Infliction of Emotional Distress

Plaintiff's sixth claim is for intentional infliction of emotional distress. A claim for intentional infliction of emotional distress consists of: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Christensen v. Superior Court, 54 Cal.3d 868, 903 (1991); see also Dove v. PNS Stores, Inc., 982 F.Supp. 1420, 1424 (C.D.Cal.1997).

Here, while plaintiff asserts her claim for intentional infliction of emotional distress against all defendants, all of the allegations in plaintiff's complaint which form the basis for her claim concern the conduct of HCSG's employee, Dehart. Accordingly, plaintiff is in effect attempting to hold HCSG liable for the conduct of one of it's employees. Under California law, "[a]n employer is not vicariously liable for an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07177-CAS-KLS | Date | October 26, 2015 |
|---|---|---|---|
| Title | NANCY REYES V. HEALTHCARE SERVICES GROUPS, INC, ET AL. | | |

employee's conduct if the employee substantially deviates from his or her course of duty so as to amount to a complete departure." Jacobus v. Krambo Corp., 78 Cal. App. 4th 1096, 1101-02 (2000). Plaintiff alleges that HCSG's employee, Dehart, promised her employment in exchange for sexual intercourse. See Compl. ¶¶ 70-81. "The cases have consistently held that under the doctrine of respondeat superior, sexual misconduct falls outside the course and scope of employment." Jacobus, 78 Cal. App. 4th at 1102 (collecting cases).

In Farmers Insurance Group v. County of Santa Clara, plaintiff sued her employer based on the sexual misconduct of her supervisor. 11 Cal. 4th 992 (1995). The plaintiff alleged that her supervisor had sexually harassed her while he was training her and that, in particular, he had told her "that in order to 'get off training,' she would have to 'give him head.'" Id. at 998. The California Supreme Court found that the employee's actions "were motivated for strictly personal reasons unrelated to [his job duties]" and were not "reasonably necessary to his comfort, convenience, health, and welfare while at work." Id. at 1007. Accordingly, the Court found that "an employer will not be held vicariously liable where, as here, it clearly appears that neither directly nor indirectly could [the employee] have been serving his employer." Id. at 1008 (citations omitted).

Here, plaintiff has alleged no facts suggesting that Dehart's conduct could have been in service of HCSG or in furtherance of his job duties. Moreover, plaintiff has alleged no facts indicating that Dehart's conduct was "reasonably necessary to his comfort, convenience, health, and welfare while at work." Rather, as in Farmers, it appears that Dehart's conduct was motivated for "strictly personal reasons" and therefore HCSG cannot be held vicariously liable for his sexual misconduct.

Accordingly, the Court GRANTS defendants' motion to dismiss plaintiff's claim for intentional infliction of emotional distress.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07177-CAS-KLS | Date | October 26, 2015 |
|---|---|---|---|
| Title | NANCY REYES V. HEALTHCARE SERVICES GROUPS, INC, ET AL. | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss plaintiff's complaint without prejudice. Plaintiff is hereby granted 30 days to file an amended complaint addressing the defects identified herein. Failure to do so may result in dismissal of her complaint with prejudice.

IT IS SO ORDERED

00 : 01

Initials of Preparer    CL